# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | |
|---|---|
| Robert Eric Stevens,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Kenneth Charles Welch and<br>DS Services of America, Inc. d/b/a<br>Primo Water North America<br><br>　　　　　　　　　　　　Defendants. | 3:22-cv-00559-MGL<br><br>Civil Action No.:<br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

Robert Eric Stevens, by and through his undersigned counsel, files this Complaint for Damages, showing this Honorable Court upon information and belief, the following:

## Jurisdiction and Venue

1. This is an action for personal injuries arising out of a motor vehicle collision that occurred at approximately 9:00 a.m. on February 20, 2020 on Interstate 20 in Lexington, Lexington County, South Carolina;

2. Plaintiff Robert Eric Stevens ("Plaintiff") is a resident of Lexington County, South Carolina, and was so at the time of the wreck that is the subject of this action;

3. Defendant Kenneth Charles Welch, ("Defendant Welch") is a resident of Augusta, Richmond County, Georgia, and was the driver of the delivery truck that was involved in the wreck that gives rise to this litigation. Once served, Defendant Welch is subject to the jurisdiction and venue of this Court;

4. Defendant Welch was, at all times pertinent to this Complaint, an employee, agent, and/or servant of the Defendant, DS Services of America, Inc. d/b/a Primo Water North America and was, at the time of this wreck and at all other times pertinent to this Complaint, acting within

the course and scope of said employment, agency, or service under the doctrine of *respondeat superior*;

5. Defendant DS Services of America, Inc. d/b/a Primo Water North America, is a foreign corporation organized and existing pursuant to the laws of Delaware with a principal place of business located in Atlanta, Fulton County, Georgia, maintaining a registered agent in the State of South Carolina. Once served, DS Services of America, Inc. d/b/a Primo Water North America, is subject to the jurisdiction and venue of this Court;

6. Pursuant to 28 U.S.C. Section 1332, this court has jurisdiction based on complete diversity of citizenship of the parties and upon the amount in controversy exceeding $75,000.00;

7. Pursuant to 28 U.S.C. Section 1391 and Local Civil Rule 3.01(A)(1), venue is proper in the Columbia Division of the United States District Court, District of South Carolina, as a substantial part of the events giving rise to this lawsuit occurred in Lexington County;

8. Defendants have been properly named;

## Facts

9. Plaintiff incorporates and reiterates all above paragraphs as if set forth fully verbatim herein.

10. On February 20, 2020, at approximately 9:00 A.M., Plaintiff drove a 2016 Ford Van eastbound on I-20 in the right lane;

11. At the time of the wreck, Plaintiff was stopped for traffic on I-20.

12. On the same date and time referenced above, Kenneth Charles Welch, while driving a water delivery truck owned by Defendant DS Services of America, Inc. d/b/a Primo Water North America, driving too fast for conditions, collided into the rear of the van that Plaintiff was driving;

**For a First Cause of Action**
**(Defendant Welch's Negligence)**

13. Plaintiff incorporates and reiterates all above paragraphs as if set forth fully verbatim herein;

14. When operating a vehicle on public roadways, Defendant Welch owed people on the roadway a duty to exercise ordinary care for their safety;

15. Defendant Welch negligently, carelessly, and recklessly breached the duties owed to Plaintiff and violated the laws intended to protect against and prevent crashes with fellow motorists like him;

16. Defendant Welch failed to travel at a safe speed for the traffic conditions in violation of S.C. Code Ann. § 56-5-1520 and constituting negligence *per se*;

17. Defendant Welch failed to keep a proper distance behind Plaintiff in violation of S.C. Code Ann. § 56-5-1930, constituting negligence *per se*;

18. Defendant Welch failed to stop for traffic in front of him in violation of S.C. Code Ann. § 56-5-590, constituting negligence *per se*;

19. Defendant Welch drove in such a manner as to indicate a willful, wanton, reckless, grossly negligent, and careless disregard for the safety of others in violation of S.C. Code Ann. Section 56-5-2920, constituting negligence *per se*;

20. Defendant Welch failed to exercise due care in violation of S.C. Code Ann. § 56-5-3230, constituting negligence *per se*.

21. Defendant Welch violated the duty of care he owed Plaintiff and was careless, negligent, grossly negligent, reckless, willful, wanton, and/or acting in violation of the laws of this State at the time and place mentioned above, in the following particulars:

   a. In operating the truck in a negligent and unsafe manner;

b.  In choosing to travel at a high rate of speed despite traffic around him;

c.  In following too closely;

d.  In failing to keep a safe distance;

e.  In failing to slow for traffic ahead of him;

f.  In driving too fast for conditions;

g.  In failing to maintain a proper and diligent lookout;

h.  In failing to perceive and to react to the traffic around him safely and appropriately;

i.  In failing to be attentive;

j.  In failing to maintain control of his vehicle;

k.  In failing to travel at a reduced speed in accordance with the construction ahead and the slowed traffic around him;

l.  In failing to perceive and react to the traffic around him appropriately;

m.  In failing to apply his brakes in a timely manner;

n.  In failing to steer his vehicle in a way to avoid hitting Plaintiff's vehicle;

o.  In failing to take evasive action to avoid colliding with Plaintiff's vehicle;

p.  In failing to maintain safe and proper control of his vehicle;

q.  In failing to sound his horn to warn of his looming approach;

r.  In driving while tired, distracted or otherwise not fully alert to the hazards around him;

s.  In allowing himself to become distracted;

t.  In choosing to pay attention to his phone or other in-cabin distractions versus the road ahead of him;

u.  In failing to use that degree of care and caution that a reasonable person would under the same or similar circumstances;

v.  In driving said vehicle in utter disregard of the rights and safety of Plaintiff and others lawfully using the public highways; and

w.  Otherwise failing to act reasonably and prudently as a professional commercial driver under the circumstances;

      x.      In any such other particulars as the discovery process or the evidence at trial may

All of the above were the direct and proximate cause of the injuries and damages suffered by Plaintiff, said acts being in violation of the Statutes and Common Laws of the State of South Carolina.

22.      Defendant Welch violated the above-mentioned duties and responsibilities and was, therefore, negligent, negligent *per se,* careless, reckless, willful and wanton;

23.      As a direct and proximate result of the negligence of Defendant Welch, Plaintiff suffered personal injuries.

**For a Second Cause of Action**
**(Negligence of DS Services of America, Inc. d/b/a Primo Water North America )**

24.      Plaintiff incorporates and reiterates all above paragraphs as if set forth fully verbatim herein;

25.      At all times material hereto, Defendant Welch was an employee or agent of Defendant DS Services of America, Inc. d/b/a Primo Water North America, acting within the scope and course of his employment or agency;

26.      Defendant DS Services of America, Inc. d/b/a Primo Water North America, exercised control over Defendant Welch and had the right to control the time, manner, and method of his work;

27.      Defendant DS Services of America, Inc. d/b/a Primo Water North America is liable for the negligent actions and omissions of Defendant Welch pursuant to the doctrine of *respondeat superior* and the law of agency;

28.      As an employer, Defendant DS Services of America, Inc. d/b/a Primo Water North America was also independently negligent in hiring, training, entrusting, supervising, and retaining

Defendant Welch in connection with his operation of the delivery truck and for otherwise failing to act as a reasonable and prudent company under the same or similar circumstances;

29. Defendant DS Services of America, Inc. d/b/a Primo Water North America violated the above-mentioned duties and responsibilities and was, therefore, independently negligent, negligent *per se,* careless, reckless, willful and wanton;

30. As a direct and proximate result of the negligence, gross negligence, and recklessness of Defendant DS Services of America, Inc. d/b/a Primo Water North America, Plaintiff sustained injuries.

## Prayer for Relief

31. Plaintiff incorporates and reiterates all above paragraphs as if set forth fully verbatim herein;

32. This wreck was solely caused by the Defendants' actions and omissions, individually and in combination with each other;

33. As a direct and proximate result of the negligence, gross negligence, negligence *per se,* recklessness and willful wanton actions and inactions of Defendants, Plaintiff sustained serious personal injuries;

34. For these reasons, Defendants are liable, jointly and severally, to Plaintiff for all damages allowed by law for the injuries, damages, and losses sustained by Plaintiff in an amount deemed appropriate by the jury;

35. As a result of the careless, negligent, grossly negligent, reckless, willful, wanton and/or illegal acts and/or omissions of Defendants, Plaintiff suffered great physical harm and injuries to his neck, back, wrist, shoulder, headaches, and other body parts, which have caused and, in the future will cause, him to undergo physical pain, suffering, mental anguish, emotional

distress, and permanent impairment of health and bodily efficiency. Additionally, those injuries have caused, and will in the future cause, him to have to spend money for medical services and to lose money in the form of wages;

36. For the reasons cited above and more still yet to be discovered, the conduct of Defendants constituted a conscious disregard for the life and safety of Plaintiff and for the lives and safety of the motoring public in general, and, therefore, both Defendants are liable to the Plaintiff for exemplary, or punitive damages;

   **WHEREFORE,** Plaintiff prays that the following relief be granted

   a. A trial by jury;

   b. For Summons and Complaint to issued against the Defendants;

   c. For a judgment against Defendants to compensate Plaintiff for his pain and suffering, past, present, and future;

   d. For all such other economic and non-economic losses to the full extent allowed under South Carolina law;

   e. That Plaintiff obtains judgment against the Defendants, including punitive damages, in an amount determined to be fair and reasonable in the minds of a fair and impartial jury;

   f. Court costs, discretionary costs, and prejudgment interest; and

   g. For all such further and general relief which this Court deems just and proper, whether in law or in equity.

[*Signature Page to Follow*]

**MCWHIRTER, BELLINGER & ASSOCIATES, P.A.**

*s/ Kerri B. Rupert*
Kerri B. Rupert
Federal ID Number 12107
119 E. Main Street
Lexington, South Carolina 29072
Telephone:    803-359-5523
Facsimile:    803-996-9080
E-mail:       kerri@mcwhirterlaw.com

February 22, 2022
Lexington, South Carolina

8