

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| ROBERT ERIC STEVENS,  Plaintiff, | §§§§ |
| vs. | § Civil Action No. 3:22-00559-MGL |
| KENNETH CHARLES WELCH, and DS SERVICES OF AMERICA, INC., *d/b/a Primo Water North America*,  Defendants. | §§§§§ |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT WELCH'S MOTION TO DISMISS,
OR, IN THE ALTERNATIVE, MOTION TO QUASH SERVICE**

### I.   INTRODUCTION

Plaintiff Robert Eric Stevens (Stevens) brings this action against Defendants DS Services of America, Inc. doing business as Primo Water North America (Primo) and its employee Kenneth Charles Welch (Welch).  In Stevens's complaint, he alleges causes of action against Welch and Primo for negligence.  This Court has jurisdiction under 28 U.S.C. § 1332(a)(1).

Pending before the Court is Defendant Welch's motion to dismiss under Federal Rule of Civil Procedure 12(b)(5) or, in the alternative, to quash service for improper service under Federal Rule of Civil Procedure 4.  Having carefully considered the motion, the response, the declarations, the joint reply, the objections, the objection response, the record, and the applicable law, it is the judgment of the Court Welch's motion will be denied.

## II.     FACTUAL AND PROCEDURAL HISTORY

Stevens's complaint, which he filed in this Court, arises out of an alleged collision in which Welch rear-ended Stevens while driving a truck for Primo.

Toni Barnes (Barnes), Welch's mother, accepted service on March 13, 2022 on his behalf at Almon Road in Augusta, Georgia (Almon Road), the home address Welch provided to the investigating officer at the scene of the accident. Barnes resides at Almon Road. Barnes informed the process server Welch had suffered a stroke and was in a rehabilitation facility. She failed to indicate to the process server, however, that Welch no longer resided at Almon Road.

Welch provides a declaration from his wife, Neiosha Welch (Neiosha) (first declaration), which states she has taken over as Welch's primary caregiver since his stroke on August 1, 2020. She attests the stroke has left him completely immobile, nonverbal, and permanently disabled. Finally, she avouches Welch has not lived at Almon Road at any time during 2022. But, she fails to state where Welch lives.

Based on the March 13, 2022, service, Welch filed the instant motion, to which Stevens responded. Because the parties' initial briefing failed to address whether Barnes lived at Almon Road, the Court directed the parties to file additional information. In response, Welch filed another declaration from Neiosha (second declaration), which states neither Neoisha nor Welch lived at Almon Road in 2022, but Barnes did. The parties also filed a joint reply brief regarding Barnes's residence. Stevens objected to the second declaration, and Welch responded.

The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

**III.     STANDARD OF REVIEW**

A party may move to dismiss a complaint based on "insufficient service of process." Fed. R. Civ. P. 12(b)(5). When a defendant files a motion to dismiss for insufficient service of process, the plaintiff bears the burden to establish service was proper under Federal Rule of Civil Procedure 4. *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010).

In determining whether the plaintiff satisfied this burden, the requirements of service "should be liberally construed to effectuate service and the jurisdiction of the court, thus ensuring for a trial on the merits." *Karlsson v. Rabinowitz*, 318 F.2d 666, 668 (4th Cir. 1963). In other words, "mere technicalities should not stand in the way of consideration of a case on its merits." *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316–17 (1988). Nevertheless, the rules "are there to be followed, and plain requirements . . . may not be ignored." *Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984).

**IV.     DISCUSSION AND ANALYSIS**

   *A.     Whether the Court should consider Neoisha's second declaration*

Stevens asks the Court to disregard the second declaration because Welch failed to attach it to the joint reply and because it exceeded the scope of the Court's interrogatory requesting additional information regarding Barnes's residence. Welch responds that the second declaration directly addresses the Court's inquiry.

The parties quarrel over the motivations behind the second declaration, with each side slinging accusations of nefarious dealings in attempting to take advantage of the joint submission to bolster their own arguments. The Court declines to wade into these issues. Instead, the Court determines the second declaration broadly addresses the information requested by the Court in its

3

interrogatory and so considers the declaration in its analysis. It notes, however, that consideration of second declaration fails to impact the Court's holding.

### B. Whether Welch is incompetent such that Stevens was required to effect service under Rule 4(g)

Welch argues this Court should grant his motion to dismiss because he was an incompetent adult due to his stroke and thus required personal service under Federal Rule of Civil Procedure 4(g). Rule 4(g) requires an incompetent person to be served according to the law of the state where service is made. Under Georgia law, individuals residing within the state are considered incompetent if they have been "judicially declared to be of unsound mind or incapable of conducting [their] own affairs" or if they have had "a guardian" appointed. Ga. Code. Ann. § 9-11-4(e)(4). In that case, the law requires personal service and service on the incompetent individual's appointed guardian, or, if there is none, on their guardian ad litem. *Id.*

Stevens responds Welch was legally competent, because no court has deemed him incompetent or appointed him a guardian, and therefore service under Rule 4(g) was unrequired.

Neiosha proclaims in her first declaration to have taken over as his primary caregiver since Welch's stroke. But, neither her first declaration, her second declaration, nor the motion to dismiss identify her or another individual as a court-appointed guardian or guardian ad litem for Welch. Neiosha's first declaration maintains Welch became completely immobile, nonverbal, and permanently disabled following his stroke, but it and the corresponding motion fail to charge Welch as unable to handle or communicate his affairs. *See* Ga. Code. Ann. § 29-4-1(a) (explaining a court may appoint a guardian for an adult "only if the court finds the adult lacks sufficient capacity to reach or communicate significant responsible decisions concerning his health or safety").

Therefore, the Court determines service of Welch under Rule 4(g) was unrequired.

### C. Whether Almon Road was Welch's "dwelling or usual place of abode" such that substitute service on Toni Barnes effectuated service on him

Welch additionally contends he was improperly served because Almon Road was not his dwelling or usual place of abode. Stevens insists service was proper because any temporary stay in a rehabilitation facility failed to change the proper place of service under the Rules.

Under Federal Rule of Civil Procedure 4(e)(2), a plaintiff may properly serve a competent adult within the United States by, as applicable here, "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there[.]" *Id.* Barnes, an adult, resided at Almon Road and is of suitable discretion, so the issue is whether the residence was Welch's dwelling or usual place of abode.

A person's dwelling or usual place of abode is determined by the particularized facts of each case. *See Karlsson*, 318 F.2d at 668 (reversing and remanding the lower court and holding substitute service upon the defendant's wife was sufficient because it apprised him of the action and occurred at the house he previously resided in and where his wife and children continued to reside while he temporarily lived out of state).

Although Welch may have been a patient at a rehabilitation facility at the date of substitute service, that does not mean he disclaimed his usual place of abode at Almon Road. *See Karlsson*, 318 F.2d at 668 (explaining that an individual's intent to return to a given residence is not a legal test to determine his dwelling or usual place of abode but provides "some indication as to whether or not it is likely in a particular case that the one served will actually receive notice of the commencement of the action and thus be advised of his duty to defend."). Notably, Welch has failed to specify where he avouches his usual place of abode to be.

Most importantly, Welch has actual notice of the action. *See Karlsson*, 318 F.2d at 668 (ruling against the defendant's motion to dismiss because he "received notice of the action and

appeared specially and moved to quash the return of service."). Stevens served Welch at the home address he provided at the time of the accident.

As such, the Court refuses to allow mere technicalities to interfere with adjudication of this case on the merits. It therefore determines Almon Road to have been Welch's dwelling or usual place of abode for purposes of Rule 4(e)(2) at the time of service.

Accordingly, Stevens properly effectuated service on Welch through substitute service of Barnes at Almon Road. Because the Court holds Stevens properly served Welch, the Court will deny both forms of relief requested in the motion. *See Vorhees v. Fischer & Krecke*, 697 F.2d 574, 576 (4th Cir. 1983) ("If the first service of process is ineffective, a motion to dismiss should not be granted, but rather the Court should treat the motion in the alternative, as one to quash the service of process and the case should be retained on the docket pending effective service." (internal quotation marks omitted)).

### V.     CONCLUSION

For the reasons stated above, it is the judgment of the Court Welch's motion to dismiss, or, in the alternative, motion to quash is **DENIED**.

 **IT IS SO ORDERED.**

Signed this 16th day of November 2022, in Columbia, South Carolina.

    s/ Mary Geiger Lewis
    MARY GEIGER LEWIS
    UNITED STATES DISTRICT JUDGE